UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>PAVEL BABICHENKO,<br>GENNADY BABITCHENKO,<br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO,<br>KRISTINA BABICHENKO,<br>NATALIE BABICHENKO,<br>DAVID BIBIKOV,<br>ANNA IYERUSALIMETS,<br>MIKHAIL IYERUSALIMETS,<br>ARTUR PUPKO,<br><br>  Defendants. | Case No. 1:18-cr-00258-BLW<br><br>**ORDER** |

**INTRODUCTION**

Before the Court is Defendants' Motion to Protect Privileged Information.  Dkt.

185.  Defendants' Motion is DENIED.[1]

---

[1] The Court notes that Defendants have not yet filed their reply brief on this issue.  However, because of the need to quickly move this matter to trial, the Court will short circuit the regular briefing cycle here in order to keep the review of documents moving and the case on track.  As the Court details below, it has repeatedly been confronted with disputes similar to the ones raised by these Parties in prior cases and will employ the exact same procedure it successfully used in those prior cases.

**ORDER - 1**

## BACKGROUND

The Court begins with a brief background of the dispute.  During its investigation of Defendants, the Government seized emails from Pavel Babichenko's email account at Midstar LLC.  Midstar LLC is company registered to Pavel.  During its review of those emails, the Government encountered materials that appear to be privileged.  Subsequently, the Government notified Defendants' Counsel that it had encountered privileged material.  Furthermore, the Government informed Defendants' Counsel that it would set up a "filter team" headed by AUSA Sean Mazorol to review the materials.  According to the Government, Mr. Mazorol will be walled off from the AUSAs who are prosecuting this case.  At the end of his review, Mr. Mazorol will provide the Government with all the non-privileged materials for their review and will supply the non-privileged materials and privileged materials (along with a log of materials that were withheld from the AUSAs prosecuting the case) to defense counsel.

Defendants' counsel objects to this procedure as insufficient to protect their clients' privileged communications.  They propose two alternatives:

> One option is to order all materials be made available to defense counsel to review the documents for attorney-client privilege and work product. Another option is to appoint a special master to review the documents, and then permit defense counsel to object to any documents designated non-privileged—which objection would be resolved in camera.

Dkt. 185-1 at 12.

## ANALYSIS

The Court has reviewed the Parties' proposed procedures for addressing the

privilege issues associated with the seized materials.[2]  The Court adopts the

Government's proposal.

Specifically, Mr. Mazorol will be designated as the "filter" or "privilege" counsel.

He will (1) consult with defense counsel regarding the potentially privileged documents[3],

(2) assist with the removal of any privileged materials from the materials given to the

prosecution team, and (3) maintain custody of the original documents until the privilege

issues are resolved to ensure their preservation and maintain the chain of custody.  Mr.

Mazorol (and any other attorneys or paralegals assigned to the filter team) may examine

potentially privileged information but must prevent the prosecution team from accessing

the information.  Mr. Mazorol may consult with the prosecution team to ensure that they

have sufficient knowledge about the facts and circumstances of the case to make an

informed analysis regarding the privilege, but he may not disclose any information

regarding the documents in question to the prosecution team.  If Mr. Mazorol and defense

counsel cannot resolve whether a document is privileged, the matter shall be presented to

the Court for final resolution.  The Court will note for Mr. Mazorol's benefit that in

---

[2] The Court notes that while this particular dispute was triggered by the Midstar LLC emails, its opinion here is construed more broadly to include *all* of the seized materials.

[3] In doing so, Mr. Mazorol and Defendants' Counsel should work together to develop a list of search terms that can be run across the dataset to quickly identify and isolate materials that are almost certainly privileged.

ORDER - 3

situations in which it is not possible to conclusively determine, from the face of the communication, whether it is privileged, the Court's expectation is that he will withhold the communication from the prosecution team until Defendants or the Court determine that the communication is not actually privileged.

The Court recognizes that this process is not universally applied by the courts, but there is ample precedent for the procedure and this Court has successfully employed this procedure previously.  *See e.g.*, *United States of America v. Swenson*, No. 1:13-cr-00091-BLW (D. Idaho Dec. 9, 2013), ECF No. 186; *In re Search of 5444 Westheimer Rd. Suite 1570, Houston, Texas, on May 4, 2006*, Misc. Action No. H-06-238, 2006 WL 1881370 (S.D. Tex. July 6, 2006); *United States v. Grant*, No. 04 CR 207BSJ, 2004 WL 1171258 (S.D.N.Y. May 25, 2004).

## ORDER

**IT IS HEREBY ORDERED**:

1. Defendants' Motion to Protect Privileged Information (Dkt. 185) is **DENIED**.

DATED: April 5, 2019

B. Lynn Winmill
U.S. District Court Judge

ORDER - 4