UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID BIBIKOV<br><br>Defendant. | Case No. 1:18-cr-00258-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |
|---|---|

## INTRODUCTION

Before the Court is the Government's unopposed Motion to Seal Forfeiture Exhibits D7.5J, D7.5O, D7.5. *See* Dkt. 1832. For the reasons explained below, the Court will grant the motion.

## BACKGROUND

The long history of Mr. Bibikov's case has been detailed elsewhere, so this summary will be brief. *See e.g.*, Dkt. 1793. Mr. Bibikov and several other co-defendants were indicted in August 2018 for conspiracy to commit wire fraud, conspiracy to traffic in counterfeit goods, labels, or packaging, conspiracy to launder money, and individual substantive counts of the same crime. Dkt. 1. The

Government later issued a superseding indictment adding additional charges and criminal forfeiture allegations. Dkt. 210.

The case was tried in 2021. The jury was unable to reach a verdict as to most of the charges, so the case was retried in 2022. Mr. Bibikov was convicted of some charges, including conspiracy to commit wire fraud and conspiracy to traffic in counterfeit goods, labels, and packaging. Dkt. 1598. He was also convicted of wire fraud and mail fraud for his sale of a counterfeit iPhone on Amazon. *Id.* Following his conviction, the Government moved for forfeiture of facilitating property and a money judgment. Dkt. 1644.

The Court conducted a forfeiture hearing in January 2023 and issued its findings of facts and conclusions of law in March 2023. Dkt. 1793. Both parties requested that several exhibits be filed under seal. *Id.* at 6. The Government requested that Defendant's Forfeiture Exhibits D7.5J, D7.5O, and D7.5 be filed under seal and Mr. Bibikov requested the same for Defendant's Forfeiture Exhibits D7.6E, D7.6F, F7.6G, D7.6H, and D7.6I. *Id.* The Court temporarily granted the requests and later directed the parties to file a motion to seal by May 25, 2023. *Id;* Dkt. 1797. The Government filed this motion and Mr. Bibikov did not file any motion. Dkt. 1832. As such, Mr. Bibikov's previous request is denied and Exhibits D7.6E, D7.6F, F7.6G, D7.6H, and D7.6I will be unsealed.

The Government seeks to file under seal three exhibits containing information or methods to identify counterfeit devices. *See Motion*, at 1, Dkt. 1832. Exhibit D7.5J is a single page excel spreadsheet that lays out the information needed to identify a counterfeit Apple device. *See* Exhibit D7.5J. Exhibit D7.5O is a two page excel spreadsheet analyzing the authenticity of several Samsung products and stating how that status was determined. *See* Exhibit D7.5O. Finally, Exhibit D7.5 is a several-page excel spreadsheet analyzing Mr. Bibikov's Amazon sales of Samsung and Apple devices, including information about the merchant, the type of device sold, and the number of units of each device sold. *See* Exhibit D7.5.

## LEGAL STANDARD

Well established principles of common law and the First Amendment protect the public's right of access to judicial proceedings. The public has a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). This right, however, is not absolute. There is no public right of access to judicial records that have "traditionally been kept secret for important policy reasons." *Times Mirror co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989).

There is a strong presumption in favor of public access to judicial records that are not "traditionally kept secret." *Kamakana v. City and County of Honolulu*,

MEMORANDUM DECISION AND ORDER - 3

447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to seal a judicial record attached to a dispositive motion or presented at trial must "articulate compelling reasons supported by specific factual findings, that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1179.

Courts have recognized compelling reasons sufficient to outweigh the public's interest in disclosure where "court files might. . . become a vehicle for improper purposes." *Nixon*, 435 U.S. at 598. Such improper purposes may include "the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179.

## ANALYSIS

The Government claims Exhibits D7.5J, D7.5O, and D7.5 should be sealed because they contain non-public, proprietary information belonging to several victims. *Motion*, at 3, Dkt. 1832. It urges this Court to seal the exhibits because the "dignity and privacy" of the victims outweighs the public's interest in access. The Court agrees.

Information about crime victims is regularly sealed consistent with Section 3771's requirement that victims be "treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). Often, information is sealed pursuant to this justification to protect the identity of the victims. *See e.g., United*

*States v. Turner*, 367 F. Supp. 2d 319, 330 (E.D.N.Y. 2005) (ordering victims' names and contact information be submitted under seal).

The exhibits at issue differ slightly from the identifying information often sealed to protect victim's dignity and privacy as the exhibits include proprietary information about the identification of counterfeit products. The principle, however, remains the same. Disclosing how the trademark holders identify counterfeit products would reveal to others how to improve their counterfeit products and avoid detection. This would only serve to increase the risk that the trademark holders will again be subject to the same crime. The potential for these exhibits to be used for improper purposes constitutes a compelling interest that outweighs the public's interest in disclosure.

This is particularly true where, as here, the public's right of access is minimally impaired by sealing judicial records. The scope of the request is narrow. It is tailored only to those exhibits that contain non-public information detailing how to identify counterfeits of specific products. There is a clear risk that the records will be used for improper purposes and the exhibits are not necessary to the public's understanding of the case.

For these reasons, the Court will grant the Government's motion to seal.

## ORDER

**IT IS ORDERED that**

1. The Government's Motion to Seal Forfeiture Exhibits D7.5J, D7.5O, D7.5 (Dkt. 1832) is **GRANTED**.

2. Mr. Bibikov's previous request to seal forfeiture Exhibits D7.6E, D7.6F, F7.6G, D7.6H, and D7.6I is **DENIED** (Dkt. 1793) and Exhibits D7.6E, D7.6F, F7.6G, D7.6H, and D7.6I are unsealed.

DATED: September 19, 2023

_____
B. Lynn Winmill
U.S. District Court Judge